# Lawson, Appellant, *v.* American Steel & Wire Company.

*Negligence—Evidence—Nonsuit.*

In an action by an engineer of a stationary engine against his employer to recover damages for personal injuries sustained by the explosion of the engine, it appeared that the engine had been working satisfactorily under the charge of the plaintiff himself for about a year. On the day of the accident it began to "pound" in a way indicating that something was out of order, and the master mechanic and plaintiff, himself a practical machinist, familiar with the engine, were engaged in making an investigation to find out what was the matter, when the explosion took place. The only negligence charged was that the master mechanic apparently thinking he had discovered the source of the trouble and that it was not serious, told plaintiff to start the engine, while plaintiff thought there should be a further examination. Both were close to the engine looking and listening to discover the cause of the knocking when the accident occurred. *Held* that a nonsuit was properly entered.

Argued Nov. 5, 1902.   Appeal, No. 141, Oct. T., 1902, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1899, refusing to take off nonsuit in case of Walter B. Lawson v. American Steel & Wire Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before RODGERS, J.

At the trial plaintiff testified that he was a practical machinist and engineer, and had been in charge of the engine in question for about a year.   His testimony disclosed the fact that up until within a few minutes before the accident occurred there had been no trouble whatsoever with the engine, and, in fact, only five or ten minutes before the trouble with the engine commenced, the master mechanic, employed by the defendant company, remarked to the plaintiff on the satisfactory manner in which the engine was acting.   Then without apparent cause the engine commenced to pound, and plaintiff stopped it and signaled for the master mechanic ; instead came the superintendent, to whom the plaintiff said that there was "Something serious the matter."   The master mechanic came later, and he and the plaintiff examined the engine carefully, and found nothing wrong of any consequence.   After this examina-

tion plaintiff was ordered to start the engine, but insisted there was something seriously wrong, without in anywise designating what it was.   He started it slowly, but says he tried to stand clear of any danger of injury, although the master mechanic was down with his ear to the crosshead, listening to the working of that part of the machine, and the superintendent was also close to the engine.   Then, on a further order, he ran the engine at the customary speed necessary to operate the mill, and almost immediately the wrist pin broke, and plaintiff suffered injury.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*W. G. Crawford*, for appellant.

*George E. Shaw*, with him *J. H. Reed, Edwin E. Smith* and *J. H. Beal*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, January 5, 1903 :

We fail to discover any evidence of negligence on the part of the defendant.  The engine had been working satisfactorily under the charge of the plaintiff himself for about a year.   On the day of the accident it began to " pound " in a way indicating that something was out of . order, and the master mechanic and plaintiff himself, a practical machinist familiar with this engine, were engaged in making an investigation to find out what was the matter, when the explosion took place.

The only negligence charged is that the master mechanic apparently thinking he had discovered the source of the trouble and that it was not serious, told plaintiff to start the engine, while plaintiff thought there should be a further examination. Both were close to the engine looking and listening to discover the cause of the knocking, when the accident occurred.   The superintendent of the mill was also present aiding in the examination but it does not appear that he gave any orders.   Even if the master mechanic was anything more than a fellow workman, which was not shown, the happening of the accident was not evidence of negligence on his part and there was no other.

Judgment affirmed.